UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

VALERIE R.,

                Plaintiff,

       v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

**DECISION AND ORDER**

1:19-CV-00410 EAW

# INTRODUCTION

Represented by counsel, plaintiff Valerie R. ("Plaintiff") brings this action pursuant to Titles II and XVI of the Social Security Act (the "Act"), seeking review of the final decision of the Commissioner of Social Security (the "Commissioner," or "Defendant") denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). (Dkt. 1). This Court has jurisdiction over the matter pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (Dkt. 11; Dkt. 15), and Plaintiff's reply (Dkt. 18). For the reasons discussed below, Plaintiff's motion (Dkt. 11) is granted in part, the Commissioner's motion (Dkt. 15) is denied, and the matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order.

**BACKGROUND**

Plaintiff protectively filed her applications for SSI and DIB on March 2, 2016. (Dkt. 8 at 19, 57-58).[1] In her applications, Plaintiff alleged disability beginning February 14, 2014, due to depression, anxiety, borderline personality disorder, "bipolar depression," and memory loss. (*Id.* at 19, 188, 192). Plaintiff's applications were initially denied on May 18, 2016. (*Id.* at 81-86). At Plaintiff's request, a hearing was held before administrative law judge ("ALJ") Timothy M. McGuan in Buffalo, New York, on May 3, 2018. (*Id.* at 34-56). On June 1, 2018, the ALJ issued an unfavorable decision. (*Id.* at 16-33). Plaintiff requested Appeals Council review; her request was denied on February 1, 2019, making the ALJ's determination the Commissioner's final decision. (*Id.* at 5-10). This action followed.

**LEGAL STANDARD**

**I.     District Court Review**

"In reviewing a final decision of the [Social Security Administration ("SSA")], this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is

---

[1]     When referencing the page number(s) of docket citations in this Decision and Order, the Court will cite to the CM/ECF-generated page numbers that appear in the upper righthand corner of each document.

supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence). However, "[t]he deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

## II. Disability Determination

An ALJ follows a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ determines whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. §§ 404.1520(b), 416.920(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, in that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id*. §§ 404.1520(c), 416.920(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does have at least one severe impairment, the

ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id*. §§ 404.1520(d), 416.920(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (*id*. §§ 404.1509, 416.909), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id*. §§ 404.1520(e), 416.920(e).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits the claimant to perform the requirements of his or her past relevant work. *Id*. §§ 404.1520(f), 416.920(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id*. §§ 404.1520(g), 416.920(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of the claimant's age, education, and work experience. *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation omitted); *see also* 20 C.F.R. § 404.1560(c).

**DISCUSSION**

**I.     The ALJ's Decision**

In determining whether Plaintiff was disabled, the ALJ applied the five-step sequential evaluation set forth in 20 C.F.R. §§ 404.1520 and 416.920. Initially, the ALJ determined that Plaintiff met the insured status requirements of the Act through December 31, 2020. (Dkt. 8 at 21). At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful work activity since February 14, 2014, the alleged onset date. (*Id.*).

At step two, the ALJ found that Plaintiff suffered from the severe impairments of "bipolar, cyclical and panic disorder, episodic." (*Id.*). The ALJ found that Plaintiff's medically determinable impairments of migraines and marijuana use were non-severe. (*Id.* at 22).

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any Listing. (*Id.*). The ALJ particularly considered the criteria of Listings 12.04 and 12.06 in reaching this conclusion. (*Id.* at 22-23).

Before proceeding to step four, the ALJ determined that Plaintiff retained the RFC to perform a full range of work at all exertional levels with the non-exertional limitations that "[Plaintiff] can do simple, unskilled work, occasional interaction with the public and can interact with co-workers and supervisors." (*Id.* at 23).

At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. (*Id.* at 27).

At step five, the ALJ relied on the testimony of a vocational expert ("VE") to conclude that, considering Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, including the representative occupations of warehouse worker, packaging machine operator, and laundry worker II. (*Id.* at 28). Accordingly, the ALJ found that Plaintiff was not disabled as defined in the Act. (*Id.* at 29).

## II. Remand of this Matter for Further Proceedings is Necessary

Plaintiff asks the Court to reverse or, in the alternative, to remand this matter to the Commissioner, arguing that: (1) the ALJ failed to provide good reasons for discounting the opinion of treating psychiatrist Dr. Balvinder Kang; (2) the ALJ's conclusions regarding Plaintiff's ability to interact with others are not supported by substantial evidence; and (3) the ALJ's assessment of Plaintiff's credibility was based on "mischaracterizations and selective readings of the evidence." (Dkt. 11-1 at 1). The Court has considered each of these arguments and, for the reasons discussed below, finds that the ALJ's assessment of Plaintiff's ability to engage in interactions with the public, supervisors, and co-workers is unsupported by substantial evidence, and that this error necessitates remand for further administrative proceedings.

### A. Assessment of Plaintiff's Ability To Interact With Others

In deciding a disability claim, an ALJ is tasked with "weigh[ing] all of the evidence available to make an RFC finding that [is] consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013). Remand is warranted where "inadequacies in the ALJ's analysis frustrate meaningful review." *Cichocki v. Astrue*, 729 F.3d 172, 177

(2d Cir. 2013). In this case, the ALJ found that Plaintiff was capable of only occasional interaction with the public but had no limitations in her ability to interact with co-workers and supervisors. (Dkt. 8 at 23). However, the ALJ's decision and the evidence of record provide no insight into how the ALJ reached this conclusion, necessitating remand.

"The public, supervisors, and co-workers are distinct groups, and are separately addressed on the Commissioner's mental residual capacity forms." *Michelle A. v. Saul*, No. 19-CV-00991-MJR, 2020 WL 7223235, at *5 (W.D.N.Y. Dec. 8, 2020) (citation and alteration omitted); *see also Fuller v. Berryhill*, No. 17-CV-00887-LGF, 2019 WL 421484, at *4 (W.D.N.Y. Feb. 4, 2019) ("[T]he groups of the public, supervisors, and co-workers are distinct for purposes of assessing an applicant's capacity to relate to others. . . ."). Here, the ALJ imposed limitations as to only one of these three distinct groups. However, the evidence on which he relied in assessing Plaintiff's RFC provides no support for the ALJ's differing conclusions as to the public and supervisors/co-workers. In particular, consultative examiner Dr. Christine Ransom, to whose opinion the ALJ afforded "great weight," opined only that Plaintiff would have a "mild limitation" in her ability to "relate adequately with others." (Dkt. 8 at 27, 398). Dr. Ransom's opinion thus provides no basis for distinguishing between Plaintiff's ability to interact with the public and with her supervisors and co-workers. Moreover, the ALJ provided no explanation whatsoever for how he concluded that a mild limitation in adequately relating with others translated to only occasional interaction with the public but unlimited interaction with co-workers and supervisors.

Nor does the other evidence of record provide any clear basis for the conclusions drawn by the ALJ. State agency medical consultant Dr. Dipeolu opined that Plaintiff would have moderate limitations in her ability to work in coordination with or in proximity with others without being distracted by them (Dkt. 8 at 25), which does not support the ALJ's assessment. Similarly, Dr. Kang, Plaintiff's treating psychiatrist, opined that Plaintiff would be "seriously limited" in her ability to get along with co-workers or peers without unduly distracting them or exhibiting behavioral extremes, as well as in her ability to accept instructions and respond appropriately to criticisms from supervisors. (*Id*. at 625). Plaintiff also testified that she had previously had "problems with supervisors and co-workers." (*Id*. at 24). None of this evidence supports a conclusion that Plaintiff is capable of only occasional contact with the public, but can engage in unlimited interaction with co-workers and supervisors.

In sum, the Court is unable to glean from the ALJ's decision and the evidence of record how the ALJ reached the conclusion that Plaintiff was capable of only occasional interaction with the public but of unlimited interaction with co-workers and supervisors. The Court accordingly finds that the ALJ's determination in this regard is unsupported by substantial evidence.

Further, the Court cannot conclude that this error was harmless. The ALJ provided no explanation whatsoever of his thought processes, and it would be improper for the Court to speculate as to the basis for his conclusions. *See Dioguardi v. Comm'r of Soc. Sec*., 445 F. Supp. 2d 288, 298 (W.D.N.Y. 2006) ("With no explanation provided, it is not possible for the Court to know why . . . the ALJ chose to disregard the evidence that was more

favorable to plaintiff's claim."). Moreover, the record before the Court is devoid of evidence regarding the amount of interaction with supervisors and co-workers required to adequately perform the representative occupations identified by the VE. (*Cf.* Dkt. 8 at 53-54 (ALJ acknowledging that the Dictionary of Occupational Titles "does not talk about interaction" and asking the VE about interactions with the public, but not about interactions with supervisors and co-workers)). Remand for further proceedings is thus required.

### B. Plaintiff's Remaining Arguments

As set forth above, Plaintiff has also argued that the ALJ erred in weighing Dr. Kang's opinion and that the ALJ mischaracterized the record in assessing Plaintiff's credibility. However, because the Court has already determined, for the reasons previously discussed, that remand of this matter for further administrative proceedings is necessary, the Court declines to reach these issues. *See, e.g., Samantha D. v. Comm'r of Soc. Sec.*, No. 3:18-CV-1280 (ATB), 2020 WL 1163890, at *10 (N.D.N.Y. Mar. 11, 2020) (declining to reach arguments concerning whether ALJ's findings were supported by substantial evidence where the court had already determined that remand was necessary); *Raymond v. Comm'r of Soc. Sec.*, 357 F. Supp. 3d 232, 240-41 (W.D.N.Y. 2019) (same).

### CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Dkt. 11) is granted to the extent that the matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order. The Commissioner's

motion for judgment on the pleadings (Dkt. 15) is denied.  The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated:      February 22, 2021
            Rochester, New York